### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ANTONIO LAMONT TRIPLETT,**
**# 06087-010,**

     **Petitioner,**

   **vs.**          **Case No. 13-cv-215-DRH**

**GREENVILLE FEDERAL**
**CORRECTIONAL INSTITUTION,**

     **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

  Petitioner Antonio Lamont Triplett, currently incarcerated in the Federal Correctional Institution at Greenville, Illinois ("Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence.  This matter is now before the Court for review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

  Petitioner pled guilty to possession with intent to distribute cocaine base, and was sentenced on May 15, 2001, to 200 months in prison.  *United States v.*

*Triplett*, Case No. 00-cr-20053 (W.D. Ark., Doc. 31).   On July 11, 2008, his sentence was reduced to 163 months (Doc. 82 in criminal case).   His petition states that he has a projected release date of February 16, 2014 (Doc. 1, p. 10). He asserts that the prison has not properly considered his eligibility for up to 12 months' placement in a halfway house under 18 U.S.C. § 3621(b) and §3624(c) (Doc. 1, pp. 2, 6, 10-11).   As relief, he seeks an order requiring respondent to immediately transfer him to a halfway house for the remaining term of his sentence, which is now somewhat less than 11 months.   Further, he requests an order requiring Greenville to follow the guidelines that direct a review of all prisoners for halfway house placement 17-19 months before their projected release date (Doc. 1, p. 12).

According to petitioner, Case Manager Mathais never intended to consider or give him a 12 month placement in a halfway house (Doc. 1, p. 12).   He was called into her office on February 2, 2013 (slightly over 12 months before his projected release date), to sign his halfway house release papers.   At that meeting, he was informed that he would be given only six months, which would begin on August 21, 2013 (Doc. 1, p. 10).   The case manager explained that she decided to give him six months because, "Over the past six months you had too much money sent in and have family support."   *Id.*   Petitioner argues that a proper individual assessment considering all five factors mandated by statute[1] would have led to a

---

[1]   These factors are: the resources of the facility contemplated; the nature and circumstances of the offense; the history and characteristics of the prisoner; any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted or recommending a type of penal or correctional facility as

conclusion that he needed more time than "the standard six months" in a halfway house in order to successfully adjust to reentry into the community (Doc. 1, pp. 10-12).  18 U.S.C. § 3621(b); 18 U.S.C. § 3624(c)(1).

Petitioner requests the Court to excuse him from the requirement that he exhaust his administrative remedies prior to bringing a habeas action (Doc. 1, p. 10).  *See Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989) ("The Bureau [of Prisons] must be given a chance to clean up its act before the courts are asked to intervene."); *Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir. 1986) (federal prisoners must first exhaust administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court).  Petitioner was informed of his halfway house placement just 379 days before his official release date (Doc. 1, p. 12).  Petitioner reasons that exhaustion would take at least seven months,[2] by which time his additional potential halfway house time would have passed (Doc. 1, p. 2).  He argues that he would be irreparably harmed if he were required to complete the administrative remedy process, citing *McCarthy v. Madigan*, 503 U.S. 140 (1992) (Doc. 1, p. 10).  He does not, however, include any information to indicate whether or when he has sought administrative review of the decision

---

appropriate; and any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.  18 U.S.C. § 3621(b).

[2]  The procedures for administrative resolution of inmate complaints are set forth in 28 C.F.R. § 542.10, *et seq.*  An inmate must first "informally" present a complaint to staff for resolution.  28 C.F.R. § 542.13(a).  If the inmate is dissatisfied with the response, he must file a BP-9 (Request for Administrative Remedy) seeking administrative review with the warden within 20 days of the incident.  *See* 28 C.F.R. § 542.14(a).  If the warden does not satisfactorily resolve the grievance, the inmate has 20 days to file a BP-10 with the Bureau of Prisons' regional director.  *See* 28 C.F.R. § 542.15(a).  If the matter is not resolved by the regional director's disposition, the final level of appeal is to the Bureau of Prisons' general counsel, where a BP-11 must be filed within 30 days.  *Id.*; *see also Massey v. Helman*, 259 F.3d 641, 643 (7th Cir. 2001).

limiting his halfway house placement to six months, or if so, whether he received any response.

In addition, petitioner has not named the proper respondent in this habeas action.  "Greenville Federal Correctional Institution" is not an entity that is subject to the Court's jurisdiction.  In a habeas corpus proceeding, the proper respondent is the prisoner's custodian; in other words, the warden of the prison where the inmate is confined.  *See Rumsfeld v. Padilla,* 542 U.S. 426, 442, 447 (2004); *Kholyavskiy v. Achim,* 443 F.3d 946, 948-49 (7th Cir. 2006).  Therefore, the instant petition shall be dismissed, and petitioner must submit an amended petition which names the proper respondent if he wishes to proceed with this case.

Equally important, if the Court is to consider any waiver of the requirement to exhaust administrative remedies within the Bureau of Prisons ("BOP") before initiating a habeas action, the Court must be informed of what attempts petitioner has made to obtain relief through administrative action and appeals.

Accordingly, petitioner is **ORDERED** to submit an amended petition **on or before April 9, 2013**. The amended petition shall include complete and accurate information regarding the steps petitioner has taken to seek review of the halfway house placement decision within the BOP and the response, if any, he has received from prison officials.  The amended document shall be designated "First Amended Petition" and shall supersede and replace the original petition and exhibits (Doc. 1).  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632,

638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original petition.   Thus, the First Amended Petition must stand on its own, without reference to any other pleading.   In addition, petitioner must resubmit any exhibits and attachments that he wishes the Court to consider along with his amended petition.  Failure to file an amended petition shall result in the dismissal of this action without prejudice.

In order to assist petitioner in preparing his amended petition, the Clerk is **DIRECTED** to mail Plaintiff a blank form petition for a writ of habeas corpus under 28 U.S.C. § 2241, along with instructions.

The instant petition (Doc. 1) is **DISMISSED.**

**IT IS SO ORDERED.**

**DATED:   March 19, 2013**

Digitally signed by
David R. Herndon
Date: 2013.03.19
09:59:24 -05'00'

**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**