IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTONIO LAMONT TRIPLETT,
# 06087-010,

        Petitioner,

vs.                                                  Case No. 13-cv-215-DRH

WARDEN JAMES N. CROSS,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    This matter is before the Court for preliminary review of the First Amended Petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 5), filed on March 27, 2013. The amended petition was filed in response to this Court's order of March 19, 2013 (Doc. 4).

    Petitioner pled guilty to possession with intent to distribute cocaine base, and was sentenced on May 15, 2001, to 200 months in prison. *United States v. Triplett*, Case No. 00-cr-20053 (W.D. Ark., Doc. 31). On July 11, 2008, his sentence was reduced to 163 months (Doc. 82 in criminal case). His petition states that he has a projected release date of February 16, 2014 (Doc. 5, p. 10). He asserts that the prison has not properly considered his eligibility for up to 12 months' placement in a halfway house under 18 U.S.C. § 3621(b) and §3624(c) (Doc. 5, pp. 2, 6, 10-11). As relief, he seeks an order requiring respondent to immediately transfer him to a halfway house for the remaining term of his

sentence, which is now just over 10 months. Further, he requests an order requiring respondent to follow the guidelines that direct a review of all prisoners for halfway house placement 17-19 months before their projected release date (Doc. 5, pp. 8, 12).

According to petitioner, Case Manager Mathais never intended to consider or give him a 12 month placement in a halfway house (Doc. 5, p. 12). In October 2012, approximately 16 months before his release date, she told him they would "discuss [halfway house] placement in the next few months" (Doc. 5, p. 11). However, no discussion ever took place. Petitioner was called into Mathais' office to sign his halfway house release papers on February 2, 2013, just 14 days before he became eligible for transfer to a halfway house (Doc. 5, p. 11). At that meeting, she informed petitioner that he would be given only six months' halfway house placement, which would begin on August 21, 2013 (Doc. 5, p. 10). The case manager explained that she decided to give him six months because, "Over the past six months you had too much money sent in and have family support." *Id.* He appealed this decision to Unit Manager Robinson. *Id.* Upon later inquiry, Robinson told petitioner she was still reviewing the matter, but she did not think she could do anything and "in the mean time [sic] just write her [Case Manager Mathais] up" (Doc. 5, pp. 10-11). This left petitioner "at an impasse" because he "would not get any relief" if he was required to exhaust his administrative remedies (Doc. 5, p. 11).

Petitioner argues that a proper individual assessment considering all five

factors mandated by statute[1] would have led to a conclusion that he needed more time than "the standard six months" in a halfway house in order to successfully adjust to reentry into the community (Doc. 5, pp. 10-12). 18 U.S.C. § 3621(b); 18 U.S.C. § 3624(c)(1). He is scheduled to be placed in St. Louis, Missouri, far from his home area in Arkansas (Doc. 5, p. 11). He is now age 42, with no employment history, and in need of vocational, educational, and drug abuse prevention programs. In particular, petitioner desires to participate in an April 26, 2013, hearing that could result in a termination of parental rights to his 12-year-old daughter, whose mother has allegedly failed to properly care for her (Doc. 5, p. 12).

      Petitioner requests the Court to excuse him from the requirement that he exhaust his administrative remedies prior to bringing a habeas action (Doc. 5, p. 10). *See Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989) ("The Bureau [of Prisons] must be given a chance to clean up its act before the courts are asked to intervene."); *Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir. 1986) (federal prisoners must first exhaust administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court).

      Petitioner was informed of his halfway house placement just 379 days before his official release date (Doc. 5, p. 12). Petitioner reasons that exhaustion

---

[1] These factors are: the resources of the facility contemplated; the nature and circumstances of the offense; the history and characteristics of the prisoner; any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted or recommending a type of penal or correctional facility as appropriate; and any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28. 18 U.S.C. § 3621(b).

would take at least seven months,[2] by which time his additional potential halfway house time would have passed (Doc. 5, p. 2). As of the date of this Order, nearly two months of that time has already elapsed. He argues that he would be irreparably harmed if he were required to complete the administrative remedy process, citing *McCarthy v. Madigan*, 503 U.S. 140 (1992) (Doc. 5, p. 10). Barely four months remain before petitioner's scheduled halfway house release date of August 21, 2013.

**Disposition**

Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.[3]

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead on or before April 29 2013. This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

---

[2] The procedures for administrative resolution of inmate complaints are set forth in 28 C.F.R. § 542.10, *et seq.* An inmate must first "informally" present a complaint to staff for resolution. 28 C.F.R. § 542.13(a). If the inmate is dissatisfied with the response, he must file a BP-9 (Request for Administrative Remedy) seeking administrative review with the warden within 20 days of the incident. *See* 28 C.F.R. § 542.14(a). If the warden does not satisfactorily resolve the grievance, the inmate has 20 days to file a BP-10 with the Bureau of Prisons' regional director. *See* 28 C.F.R. § 542.15(a). If the matter is not resolved by the regional director's disposition, the final level of appeal is to the Bureau of Prisons' general counsel, where a BP-11 must be filed within 30 days. *Id.*; *see also Massey v. Helman*, 259 F.3d 641, 643 (7th Cir. 2001).

[3] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and the respondent) informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   April 5, 2013**

Digitally signed by
David R. Herndon
Date: 2013.04.05
11:21:21 -05'00'

**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**