# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ANTONIO LAMONT TRIPLETT,**

**Petitioner,**

                              No. 13-0215-DRH

**vs.**

**WARDEN JAMES CROSS,**

**Respondent.**

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

On March 3, 2013, petitioner Antonio Lamont Triplett filed a habeas corpus petition 28 U.S.C. § 2241 challenging the execution of his sentence (Doc. 1). At the time he filed the petition, he was incarcerated in the Federal Correctional Institution at Greenville, Illinois ("Greenville"). He argues that the prison has not properly considered his eligibility for up to 12 months placement in a halfway house under 18 U.S.C. § 3621(b) and § 3624(c). He maintains that Case Manager Mathais never intended to consider or give him a 12 month placement in a halfway house. His petition states that he has a projected release date of February 14, 2014.

To remain valid, a petition must present a "case or controversy" under Article III, § 2 of the Constitution. That is, the petitioner, "must have suffered, or

be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)(quoting *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477-78 (1990)). The Seventh Circuit directs a federal court to "dismiss a case as moot when it cannot give the petitioner any effective relief." *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004); *Evers v. Astrue*, 536 F.3d 651, 662 (7th Cir. 2008)("Mootness is a threshold jurisdictional question that insures that the court is faithful to the case or controversy limitation in Article III of the Constution.").

Here, Triplett's petition no longer presents a case or controversy as he has been transferred to CCM St. Louis.[1] Thus, petitioner's transfer to the Residential Reentry Center ("RRC") has rendered his habeas petition moot. *See Demis v. Sniezek*, 558 F.3d 508, 513 (6th Cir. 2009) ("Because Demis already was transferred to [the RRC] and has now has been released from custody, no actual injury remains that the Court could redress that we could redress with this appeal. We therefore must dismiss Demis' appeal as moot"). Further, Triplett has not alleged collateral consequences capable of maintaining this Court's jurisdiction, as he merely challenged the length of his RRC placement. Therefore, based upon the Court's inability to provide any other relief, the Court dismisses as moot Triplett's petition.

Accordingly, the Court **DENIES as moot** Triplett's 28 U.S.C. § 2241

---

[1] The Federal Bureau of Prisons inmate locator reveals that Triplett has been transferred to St. Louis CCM.
http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&FirstName=antonio&Middle=&LastName=triplett&Race=U&Sex=U&Age=&x=60&y=10

petition. Further, the Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 20th day of November, 2013.

David R. Herndon
2013.11.20
23:19:49 -06'00'

**Chief Judge
United States District Court**